IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MAURICE GOLSTON,**

       **Petitioner,**

**v.**                                      **Civil No.: 5:19CV216**
                                                  **JUDGE BAILEY**

**MR. ENTZEL, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 12, 2019, the pro se Petitioner, Maurice Golston ("Golston") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Golston has satisfied the $5 filing fee. ECF No. 5. Golston is a federal inmate housed at FCI Hazelton and is challenging the validity of his sentence from the United States District Court for the Northern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

#### A. Conviction and Sentence

Golston was one of 60 defendants charged on September 11, 2013, in a Superseding Indictment. Golston was charged in Count 1 with conspiracy to distribute

---

[1] Unless otherwise noted, the information in this section is taken from Golston's criminal docket available on PACER. See United States v. Golston, No. 1:13CR345-CAB-3. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

and possess with intent to distribute heroin; in Count 70 with distribution of heroin; in Count 74 with distribution of cocaine; and in Counts 142, 145 and 174 with use of a telephone in furtherance of a drug offense. Pursuant to a written plea agreement, Golston pleaded guilty on April 7, 2014, to Count 1, conspiracy to distribute heroin, in an amount of at least 20 grams but less than 40 grams. As part of the plea agreement, the Government agreed to dismiss Counts 70, 74, 142, 145 and 174 at sentencing.

A Pre-Sentence Report ("PSR") was prepared. Golston's base offense level was 18 because of his responsibility for at least 20, but less than 40 grams of heroin as part of the conspiracy. As a career offender[2], his offense level was increased to 32. With a three level reduction for acceptance of responsibility, Golston's final offense level was 29. His Criminal History Category equaled VI because he was a Career Offender and because he had 13 criminal history points. With an offense level of 20 and Criminal History Category of VI, Golston's advisory guideline range equaled 151 to 188 months. On July 6, 2014, Golston was sentenced to a term of 176 months to be followed by a three year term of supervised release.

On July 13, 2014, Golston filed a Notice of Appeal. Appellate counsel file a motion and brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), and Sixth Circuit Rule 12(c)(4)(C), notifying the court that his review of the record and concomitant legal research revealed no good-faith issues to appeal. On May 25, 2015, the appeal was

---

[2] The PSR reported four qualifying prior convictions for crimes of violence:
- A) Attempted Felonious Assault (F-3), Case No. CR442952, Cuyahoga County Court of Common Pleas, September 21, 2005.
- B) Burglary (F-3), Case No. CR480044, Cuyahoga County Court of Common Pleas, May 5, 2006;
- C) Attempted Felonious Assault (F-3) Case No. CR499874, Cuyahoga County Court of Common Pleas, November 27, 2007; and
- D) Failure to Comply with the Order or Signal of Police Officer (F-3), Case No. CR5400065, Cuyahoga County Court of Common Pleas, December 3, 2010.

dismissed based on the appellate waiver contained in Golston's plea agreement.

Golston did not pursue a Motion pursuant to 28 U.S.C. § 2255. According to the BOP inmate locator, Golston's projected release date via good conduct time is January 27, 2026.

**B. Golston's Claims**

In support of his § 2241 petition before this Court, Golston alleges that neither his Attempted Felonious Assault convictions nor his burglary conviction are proper predicate offenses for the career offender enhancement. In support of this argument, Golston relies on the Fourth Circuit decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) and the Sixth Circuit decisions in Burris[3] and Havis[4]. For relief, Golston requests that this Court "vacate or modify [his] predicate offenses for the Career Offender as they no longer qualify."

### III.    LEGAL STANDARDS

---

[3] Golston does not provide a citation, but the undersigned believes he is referring to United States v. Burris, 912 F.3d 386 (6th Cir. Jan. 3, 2019). In Burris, the Sixth Circuit applied the modified categorical analysis to Ohio felonious assault, finding first that the statute, as a whole, was "too broad to categorically qualify as [a] violent-felony predicate[ ] under the ACCA and Guidelines elements clauses." Burris, 912 F.3d at 399. However, the court found the statute to be divisible in that subsection (A)(1) and subsection (A)(2) each set forth separate crimes. Id. Ultimately, the court held that "[i]f the defendant was convicted under the (A)(1) version of [the felonious assault statute], that offense does not qualify as a violent-felony conviction under the ACCA or Guidelines elements clauses. If a defendant was convicted under the (A)(2) version of [the statute], that offense does qualify as a violent-felony predicate under the ACCA and Guidelines elements clauses." Id. at 406. Golston's conviction in case number 442952 still qualifies as a crime of violence under Burris because his conviction in that case was under O.R.C. § 2901.11(a)(2). See ECF No. 1 at 3 in the instant case.

[4] Again, Golston does not provide a citation, but the undersigned believes he is referring to United States v. Havis, 927 F.3d 382 (6th Cir. 2019). In that decision, the Sixth Circuit ruled that the defendant's prior Tennessee conviction for selling or delivering cocaine was not controlled substance offense under sentencing guidelines and sentencing guidelines' definition of "controlled substance" did not include attempt crimes. The undersigned is unclear how Golston thinks that decision is relevant to his status as a career offender.

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Golston's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Golston's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Golston is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Golston unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a

4

federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2)

subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.  In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014),  aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

## IV. ANALYSIS

    Although not specifically raised, by citing to Wheeler, the undersigned concludes that Petitioner is raising its savings clause. However, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Golston meets the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester

v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, **advisory** Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[5] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716. Because Golston was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear

---

[5] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.[6]

Because Golston cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Golston shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

---

[6] The undersigned notes that regardless of Golston's status as a career offender, his guideline range would remain 151-188 months because he would still fall in Criminal Category VI because he had 13 Criminal History Points.

8

**Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Golston by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  September 30, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE